**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:20-cr-100 |
| MICHAEL TODD MORRIS, | |
| Defendant. | |

## O R D E R

This matter is before the Court on Defendant's Motion for Judgment of Acquittal Or, in the Alternative, For a New Trial.  (Doc. 113.)  The Government has responded in opposition to Defendant's Motion.  (Doc. 115.)  For the reasons more fully stated below, the Court **DENIES** Defendant's Motion.

On October 8, 2020, Defendant was charged by Indictment with one count of possession of child pornography in violation of 18 U.S.C. § 2252A(5)(B).  (Doc. 3.)  The trial of this case began on October 25, 2021; and after three days of trial, the jury found Defendant guilty of Count One of the Indictment.  (Doc. 112.)  In the instant Motion, Defendant argues that the Court should grant his request for acquittal pursuant to Federal Rule of Criminal Procedure 29 because the Government presented insufficient evidence at trial to establish his guilt beyond a reasonable doubt.  (Doc. 113 at pp. 1—2.)  Alternatively, Defendant argues that pursuant to Federal Rule of Criminal Procedure 33, the evidence preponderates heavily against the jury's verdict and, therefore, the Court should grant him a new trial.  (Id. at p. 3.)

A motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 "is a direct challenge to the sufficiency of the evidence presented against the defendant."  United States

v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994).  In considering a motion for judgment of acquittal, the Court views the evidence in the light most favorable to the verdict.  United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989).  Moreover, "the court must assume the truth of the Government's evidence."  United States v. Pate, No. CR118-008, 2019 WL 1244722, at *3 (S.D. Ga Mar. 18, 2019) (citing United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985)).  The issue before the Court is "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt."  Id. (citing United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987)). The verdict must stand "unless no trier of fact could have found guilt beyond a reasonable doubt." United States v. Pinerio, 389 F.3d 1359, 1367 (11th Cir. 2004) (citation omitted).

Based on the evidence presented at trial, a reasonable jury could have found Defendant guilty beyond a reasonable doubt as to Count One of the Indictment.  The inculpatory evidence presented at trial included but was not limited to: expert forensic testimony explaining the identification of Defendant's home as a location where child pornography was being accessed through the internet; law enforcement and expert testimony regarding forensic imaging of electronic devices seized during a search of Defendant's home and discovery of images of child pornography on those devices; images of child pornography that were discovered on electronic devices that Defendant used and/or owned which were blatantly images of child pornography including images of very young children being sexually abused; evidence of Defendant's internet activity that connected him to the downloading and accessing of the images of child pornography; testimony from Defendant's parents that Defendant used the electronic devices where the child pornography was found; testimony from Defendant's father that the father, the only other user of one of the electronic devices, did not download, view or otherwise possess the child pornography found on the device; and a video recording of Defendant's interview with law enforcement.  The

Government presented an abundance of evidence from which a reasonable jury could conclude that Defendant knowingly possessed child pornography that had been transported in or affecting interstate commerce and that he was well aware that the images were and contained child pornography.  Consequently, the Court **DENIES** Defendant's Motion for a New Trial.

"Under Federal Rule of Criminal Procedure 33(a), 'the court may vacate any judgment and grant a new trial if the interest of justice so requires.'" United States v. Pitts, No. CR4:19-12, 2019 WL 3408817, at *1 (S.D. Ga. July 26, 2019).  However, granting a defendant a new trial based on insufficiency of the Government's evidence is an extraordinary remedy that courts seldom employ. As the United States Court of Appeals for the Eleventh Circuit has explained:

> On a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict.  It may weigh the evidence and consider the credibility of the witnesses.  United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980); United States v. Simms, 508 F. Supp. 1188, 1202 (W.D. La. 1980).  If the court concludes that, "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury."  Lincoln, 630 F.2d at 1319.
>
> The decision to grant or deny a new trial motion based on the weight of the evidence is within the sound discretion of the trial court.  An appellate court may reverse only if it finds the decision to be a clear abuse of that discretion.  Id.; United States v. Indelicato, 611 F.2d 376, 387 (1st Cir. 1979).  While the district court's discretion is quite broad, there are limits to it.  The court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable.  Simms, 508 F. Supp. at 1202.  The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.  Indelicato, 611 F.2d at 387; United States v. Sinclair, 438 F.2d 50, 51 n. 1 (5th Cir. 1971) (quoting Wright, Miller & Cooper, Federal Practice and Procedure: Criminal § 553, at 487).  Motions for new trials based on weight of the evidence are not favored.  Courts are to grant them sparingly and with caution, doing so only in those really "exceptional cases."  Lincoln, 630 F.2d at 1319; Indelicato, 611 F.2d at 387; Simms, 508 F. Supp. at 1202.

United States v. Martinez, 763 F.2d 1297, 1312–13 (11th Cir. 1985).  This case is by no means one of those "exceptional cases" where the evidence "preponderates heavily against the verdict."

Quite to the contrary, as explained above, the jury heard overwhelming evidence of Defendant's guilt as to charge against him.  Consequently, the Court **DENIES** Defendant's Motion for a New Trial.

  **SO ORDERED**, this 14th day of March, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA